IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02664-WYD-MEH

THEOJO DAVIS,

    Plaintiff,

v.

DELTA CHAMBER OF COMMERCE,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant's Motion to Compel Responses to Written Discovery and for Sanctions [filed March 31, 2011; docket #11]. The matter is referred to this Court for resolution [docket #12]. For the reasons that follow, the Court **grants** the Defendant's motion.

    Plaintiff initiated this action on November 1, 2010, claiming the Defendant discriminated against her based upon her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, and breached her employment contract. Plaintiff alleges the Defendant paid her less than her male predecessors, did not allow, both directly and indirectly, for time off in equal amounts as her male predecessors received, and required plaintiff to adhere to a residency policy without enforcing the same policy against her male predecessors. Defendant filed an answer denying all substantive allegations.

    In its motion to compel, Defendant contends that, pursuant to the governing Scheduling Order and the applicable federal rules, Plaintiff was required to provide responses to Defendant's written discovery requests (interrogatories and requests for production of documents) on or before February 25, 2011. However, according to Defendant, Plaintiff provided no responses to the

discovery requests, and has provided nothing despite Defendant's efforts to seek and confer with Plaintiff regarding the discovery requests. In addition, Plaintiff did not file a response to Defendant's motion within the time allotted by D.C. Colo. LCivR 7.1C.[1]

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2009). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

Here, the Plaintiff raises no objection to the discovery sought and the Court finds that Defendant's discovery requests, on their face, appear to be relevant to the claims and defenses raised in this matter pursuant to Fed. R. Civ. P. 26(b)(1). *See* Defendant's First Set of Written Discovery to Plaintiff, docket #11-1. In addition, the requests are numbered within the limits set forth in the Scheduling Order.

"The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). In the event a motion to compel responses to discovery is granted, Rule 37(a)(5) requires, after an opportunity to be heard, "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

---

[1]The Court notes that both the written discovery requests and the motion to compel contain certificates of service indicating that both were properly served upon Plaintiff's counsel in accordance with Fed. R. Civ. P. 5 and the accompanying local rules.

attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Here, the record reflects that Plaintiff has failed to respond to Defendant's discovery requests in a timely fashion and has failed to respond to Defendant's motion to compel. At no time did Plaintiff seek an extension from the Court for any of these deadlines. Under these circumstances, the Court finds that sanctions are appropriate and orders as follows:

(1) Defendant shall have all costs and attorney's fees reasonably incurred in filing the Motion to Compel by filing an affidavit supporting such expenses no later than May 6, 2011;

(2) Because the Plaintiff may not have knowledge of Plaintiff's counsel's dilatory conduct and complete failure to respond, all expenses are to be borne by Plaintiff's counsel;

(3) Plaintiff's counsel may object to the reasonableness of the fees requested by Defendant no later than May 20, 2011;

(4) Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and provide proof of service to the Court no later than May 6, 2011; and

(5) Plaintiff's counsel is ordered to respond to Defendant's First Set of Written Discovery to Plaintiff no later than May 13, 2011.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel Responses to Written Discovery and for Sanctions [filed March 31, 2011; docket #11] is **granted** as specified herein.

Dated at Denver, Colorado, this 28th day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge