IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02664-WYD-MEH

THEOJO DAVIS,

    Plaintiff,

v.

DELTA CHAMBER OF COMMERCE,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendant's Motion to Dismiss with Prejudice [filed May 17, 2011; docket #19] and Defendant's Renewed Motion to Dismiss with Prejudice [filed September 29, 2011; docket #33]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motions have been referred to this Court for recommendation. Oral argument will not assist the Court in the adjudication of the motions. For the following reasons, the Court recommends that the renewed motion be **granted**, the initial motion **denied as moot**, and this case **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar*

## **BACKGROUND**

In this case, Plaintiff has failed to participate in the litigation, to propound or respond to discovery requests, and to comply with this Court's orders compelling discovery and for sanctions. On March 31, 2011, Defendant filed a motion to compel Plaintiff to respond to its discovery requests, the responses of which were due February 25, 2011, but were never submitted. Docket #11. Plaintiff did not respond to the motion. Therefore, on April 28, 2011, this Court found that Plaintiff's counsel, Christopher Gaty, was responsible for the failure to respond and ordered Mr. Gaty to file responses to Defendant's written discovery requests on or before May 13, 2011. Docket #16. In addition, the Court granted an award of attorney's fees against Mr. Gaty, but allowed him to challenge the reasonableness of the requested fees on or before May 20, 2011. *Id.* On May 6, 2011, Defendant timely filed an affidavit seeking fees in the amount of $620.00. Docket #18. Plaintiff did not respond. Therefore, on May 24, 2011, this Court awarded a reasonable sanction of $300.00 in attorney's fees against Mr. Gaty to be paid on or before June 30, 2011 and directed Mr. Gaty to file a certificate of compliance on or before July 15, 2011. Docket #20. No certificate was filed.

Meanwhile, on May 17, 2011, Defendant filed a motion to dismiss this action as a sanction for Plaintiff's failure to prosecute. Motion, docket #19. Defendant contends that it has been prejudiced by Plaintiff's failure to communicate about and respond to discovery requests, and failure to respond to the Court's order compelling the Plaintiff to respond, in that it has been "impossible for Defendant to prepare to defend itself against Plaintiff's claims at trial." *Id.* at ¶ 4.

Plaintiff timely filed a response to the motion in which Mr. Gaty takes responsibility for the

---

*Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Case 1:10-cv-02664-WYD-MEH   Document 37   Filed 10/24/11   USDC Colorado   Page 3 of 7

above-identified failures due to what he characterizes as "significant family issues," asserts that he will serve discovery responses by June 13, 2011, and asks the Court to deny the motion. Docket #21. Defendant's reply brief, filed on June 22, 2011, reflects that Mr. Gaty did not submit the discovery responses as promised on June 13, 2011. Docket #22. The District Court referred the motion to the undersigned on September 9, 2011, and this Court set a status conference for September 15, 2011. Dockets #23 and #24. At the request of the parties, the Status Conference was rescheduled to September 27, 2011.

Mr. Gaty appeared by telephone at the Status Conference on behalf of the Plaintiff and William Rogers and Andrew Lavin appeared in person for the Defendant. Mr. Rogers informed the Court that he had never received Plaintiff's discovery responses nor payment of the $300 sanction. Mr. Gaty represented to the Court that his records reflect he submitted discovery responses to the Defendant in June 2011 and would pay the sanction on or before September 30, 2011. Because Mr. Gaty asserted he is in possession of complete discovery responses, the Court ordered that he submit them to Defendant before the end of the day, September 27, 2011. *See* docket #31. The Court also directed Mr. Gaty to pay the $300 sanction to defense counsel on or before September 30, 2011. In addition, the Court granted an award of attorney's fees as a sanction for Mr. Gaty's subsequent failures, and ordered defense counsel to file an affidavit reflecting such fees on or before September 29, 2011. *Id.* The Court then determined, with both parties' assent, to "get the case back on track," and amended the Scheduling Order to facilitate discovery over the next few months. *Id.*

On September 29, 2011, Defendant timely filed an affidavit reflecting a request for attorney's fees due to Mr. Gaty's failures. Docket #32. That same day, Defendant filed the present renewed motion to dismiss, in which Defendant asserts that Plaintiff failed to comply with the Court's order

3

to submit discovery responses on September 27, 2011. Renewed Motion, docket #33. Defendant contends that Plaintiff has missed four deadlines to respond to a single set of written discovery and disregarded two court orders compelling Plaintiff to do so. Citing the Tenth Circuit's opinion in *Lee v. Max Int'l, LLC*, 638 F.3d 1318 (10th Cir. 2011) upholding a dismissal sanction where the plaintiff disobeyed two court orders compelling production of the same discovery, Defendant argues that this case is similar in that the Plaintiff has failed to comply four times, which is "strong evidence of willfulness and bad faith." *Id.* at 3. Defendant asserts prejudice from the undue delay and Plaintiff's failure to identify the basis of her claims or her actual losses at this stage of the litigation. *Id.*

This Court then issued an order directing Plaintiff's counsel to file with the Court, on or before October 3, 2011, an affidavit evidencing compliance with the Court's September 27, 2011 order for the submission of discovery responses. Docket #34. The Plaintiff filed no affidavit. Thus, the Court issued an order to the Plaintiff to show cause on or before October 17, 2011 why the case should not be dismissed for Plaintiff's failure to prosecute. The Plaintiff filed no response.

In addition, the Plaintiff has filed no response to Defendant's Renewed Motion to Dismiss within the time period required by D.C. Colo. LCivR 7.1C.

## **DISCUSSION**

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or

defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiff's lack of cooperation and diligence in this case has caused the Defendant prejudice because it has been deprived of information and documents necessary to defend against Plaintiff's claims, which were filed nearly a year ago. Plaintiff has failed to comply with two court orders compelling production of the same discovery (dockets #16 and #31), a court order to pay $300.00 in attorney's fees as a sanction (docket #20), a court order requiring an affidavit of compliance (docket #34), and an order to show cause (docket #36). With respect to the requested discovery, Plaintiff's counsel represented to the Court that he had completed written discovery responses in June 2011 and had them in his possession. *See* docket #31. A district court's considerable discretion in imposing sanctions "easily embraces the right to

dismiss or enter default judgment in a case under Rule 37(b) when a litigant has disobeyed two orders compelling production of the same discovery materials in its possession, custody or control." *Lee*, 638 F.3d at 1320-21.

Moreover, Plaintiff's lack of response to this Court's orders and his failure to participate has interfered with the judicial process in that the Court will be unable to issue a Final Pretrial Order and move the case toward trial in a timely manner since discovery has not completed. Additionally, the necessity in issuing Orders to Show Cause and holding status conferences concerning these matters increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiff has provided no justification for her failures to respond to the most recent Court orders and to participate in the litigation; her culpability is evident. Plaintiff was warned in the Order to Show Cause that the Court would recommend dismissal for her failure to prosecute; yet, she has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## **CONCLUSION**

The Plaintiff appears to have abandoned her claims in this matter. She has failed to prosecute the case with due diligence by her repeated failures to participate in the litigation and respond to discovery, failures to comply with Court orders compelling production of discovery and to pay attorney's fees as a sanction, failure to respond to this Court's order to show cause, and failure to respond to the Defendant's Renewed Motion to Dismiss or to properly request an extension of time to respond if she was unable to do so in a timely manner. For these reasons alone,

dismissal of this action against the Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), this Court respectfully RECOMMENDS that the District Court **GRANT** Defendant's Renewed Motion to Dismiss with Prejudice [filed September 29, 2011; docket #33], **DENY AS MOOT** Defendant's Motion to Dismiss with Prejudice [filed May 17, 2011; docket #19], and dismiss this case with prejudice for Plaintiff's failure to prosecute this action.

Dated this 24th day of October, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge